# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES McCAW, | ) |
| Petitioner, | ) |
| v. | ) Case No. 15-1172 |
| JEFFREY KRUEGER, Warden, | ) |
| Respondent. | ) |

# **O R D E R**

This matter is now before the Court on Petitioner, James McCaw's ("McCaw"),Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth herein, the Petition [1] is DISMISSED.

## BACKGROUND AND DISCUSSION

McCaw was convicted of 14 counts of Transporting Stolen Goods in Interstate Commerce in violation of 18 U.S.C. §§ 2312, 2314 and four counts of Illegally Transferring the Social Security Numbers of Others in violation of 18 U.S.C. § 1028(a)(7) in the United States District Court for the Eastern District of Missouri. He was sentenced to concurrent terms of 120 months' imprisonment on each count of Transporting Stolen Goods and terms of 142 months' imprisonment on each count of Illegally Transferring the Social Security Numbers of Others to run concurrently with each other, but consecutively to the Transporting Stolen Goods terms, for an aggregate term of 262 months.

McCaw pursued a direct appeal; his sentence and conviction were affirmed in United States v. McCaw, 92 Fed.Appx. 372 (8th Cir. 2004). He then filed his initial § 2255 Motion on January 20, 2005. Among the 12 grounds of relief sought, McCaw specifically challenged the calculation of the number of victims under U.S.S.G. § 2B1.1(b)(2)(A). The Motion was denied, and the Eighth Circuit declined to issue a certificate of appealability. A second § 2255 Motion was filed in June 2014. The

Motion was summarily dismissed for lack of authorization from the Court of Appeals, and his request to file a successive petition was denied by the Eighth Circuit on March 31, 2015.

On April 27, 2015, McCaw filed the present Petition pursuant to § 2241 in which he alleges: (1) he is actually innocent; (2) his sentence was illegally enhanced; (3) he was denied Due Process; and (4) he received ineffective assistance of counsel. The matter is fully briefed, and this Order follows.

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. 2241(c)(3).

In this § 2241 Petition, however, McCaw does not challenge the circumstances of his confinement. Rather, he attacks the validity of his sentence and asks this Court to resentence him. Accordingly, this Petition involves a collateral attack on his conviction, which would traditionally be brought pursuant to 28 U.S.C. § 2255. However, McCaw has already pursued § 2255 relief twice and is now barred from pursuing further relief under that section absent permission from the Court of Appeals to bring a second petition, unless he qualifies as one of the few instances in which petitioners may seek collateral relief under § 2241. Gray-Bey v. United States, 209 F.3d 986, 988-90 (7th Cir. 2000); In re Davenport, 147 F.3d 605, 610-12 (7th Cir. 1998); Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003).

In Davenport, the Seventh Circuit held that a federal prisoner should be permitted to seek collateral relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." 147 F.3d at 611. To be allowed to proceed, a petitioner must show that § 2255 was

inadequate or ineffective to test the legality of his detention. To make this showing, a petitioner must show that: (1) he relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his initial § 2255 Motion but is retroactive; and (3) the alleged error results in "fundamental defect" grave enough to be deemed a miscarriage of justice. Brown v. Caraway, 719 F.3d 583, 586 (7th Cir. 2013); Brown v. Rios, 696 F.3d 638, 640 (7th Cir. 2012); United States v. Prevatte, 300 F.3d 792, 299 (7th Cir. 2002). The Seventh Circuit has clarified that to demonstrate inadequacy or ineffectiveness, the new legal theory must establish the petitioner's actual innocence. Hill v. Werlinger, 695 F.3d 644, 648 (7th Cir. 2012).

All of McCaw's claims are related to his contention that his sentence should not have been enhanced based on a finding that there were more than ten victims and corresponding ineffective assistance of counsel. Although he raised these arguments previously in a § 2255 motion in the United States District Court for the Eastern District of Missouri, McCaw v. United States, 2011 WL 720047 (E.D.Mo. Feb. 22, 2011), he now asserts reliance on newly discovered evidence. McCaw argues that two letters from the supervising U.S. Probation Officer who prepared his presentence report are newly discovered evidence supporting his claim of actual innocence, as they purportedly confirm that there were only seven victims as opposed to the ten victims needed to enhance his sentence under U.S.S.G. § 2B1.1.

Even assuming that the May 29, 2014, and June 30, 2014, letters from the probation officer were not available when he filed his second § 2255 motion, they do not support the claim being made. The May 29, 2014, letter, states that while the PSR does not list more than ten victims in the Victim Impact section for the offenses in Group 1, the PSR clearly states that "there were more than ten victims of that scheme, without combining it with Group 2" and identifies an additional 21 victims listed elsewhere in the PSR. Similarly, the June 30, 2014, letter clarifies that a jury need not have determined his guilt as to each specific victim before they could be counted under the

guidelines and relists the victims previously identified in the May 29, 2014, letter. Thus, the letters confirm, rather than contradict, the sentence enhancement that McCaw received for having more than ten victims. Having failed to demonstrate actual innocence or that § 2255 was inadequate or ineffective to provide him relief, McCaw has failed to meet the prerequisites established in <u>Davenport</u> and its progeny and cannot proceed under § 2241.

## CONCLUSION

For the reasons stated herein, McCaw's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [1] is DISMISSED for lack of jurisdiction.

ENTERED this 1st day of July, 2015.

                                                s/ James E. Shadid
                                                James E. Shadid
                                                Chief United States District Judge